IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH KENNEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv582-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 5, 2012, this court received a *pro se* motion pursuant to 28 U.S.C. § 2255, in which federal inmate Joseph Kennedy ("Kennedy) challenges the 240-month sentence imposed on him in 2005 following his plea of guilty to conspiring to possess with intent to distribute more than 1,000 kilograms of marijuana in Case No. 2:01cr172-LES. In nearly every respect, the instant § 2255 motion is identical to a § 2255 motion filed by Kennedy on January 21, 2012, in Civil Action 2:12cv73-WHA, in which Kennedy attacked the same sentence on the same grounds asserted in his instant § 2255 motion.[1] *See* Civil Action 2:12cv73-WHA, Doc. No. 1. On July 5, 2012, the undersigned entered a Recommendation

---

[1] In the instant § 2255 motion – as in the § 2255 motion he filed on January 21, 2012 – Kennedy argues that he is entitled to retroactive application of the United States Supreme Court's holding in *Carachuri-Rosendo v. Holder*, __U.S. __, 130 S.Ct. 2577 (2010), which he says would result in his receiving a lesser sentence. *Carachuri-Rosendo* dealt with the issue of under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" pursuant to 8 U.S.C. § 1229b(a)(3). Specifically, the Supreme Court held that the statutory enhancements for recidivism in regard to simple possession under 18 U.S.C. § 844 do not render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised. The undersigned takes no position as to whether retroactive application of *Carachuri-Rosendo* would have any conceivable impact on Kennedy's sentence.

that Kennedy's § 2255 motion filed on January 21, 2012, be dismissed because it constituted a successive § 2255 motion that was filed without the requisite authorization from the Eleventh Circuit Court of Appeals, depriving this court of jurisdiction to consider the merits of any claims raised in the § 2255 motion. *See* Civil Action 2:12cv73-WHA, Doc. No. 7. For the same reasons set forth by the undersigned in the July 5, 2012, Recommendation to dismiss Kennedy's § 2255 motion filed on January 21, 2012, Kennedy's instant § 2255 motion, his third, is due to be dismissed as successive.

## I.   DISCUSSION

As noted by the undersigned in the Recommendation entered on July 5, 2012 (in Civil Action 2:12cv73-WHA), Kennedy's first filed a § 2255 motion challenging his controlled substance conviction and 240-month sentence on November 13, 2006. *See United States v. Kennedy*, Civil Action No. 2:06cv1028-LES, Doc. No. 1. On December 24, 2008, this court denied that § 2255 motion as time-barred and dismissed the action with prejudice.[2] *Id.*, Doc. No. 20 (*Order of District Court Judge Adopting Recommendation of the Magistrate Judge* [Doc. No. 18] *and Dismissing § 2255 Action with Prejudice*).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file

---

[2] For purposes of successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive." *See Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims").

a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Kennedy has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Kennedy's present § 2255 motion, his third, and the motion is due to be summarily dismissed.

## II.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Kennedy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive

§ 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 21, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 7th day of August, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE